DICONZA TRAURIG KADISH LLP
630 Third Avenue
New York, New York 10017
Allen G. Kadish
Tel: (212) 682-4940
Fax: (212) 682-4942
Email:  akadish@dtklawgroup.com

*Proposed Special Litigation Counsel*
*for Robert L. Geltzer, Chapter 7 Trustee*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x

| | |
|---|---|
| In re: | Chapter 7 |
| ROBERT J. KALANZ, JR. | Case No. 16-12740 (MKV) |
| and DIANA KALANZ, | |
| Debtors. | |

---------------------------------------------------------------x

## APPLICATION FOR ORDER AUTHORIZING
## THE CHAPTER 7 TRUSTEE TO RETAIN
## DICONZA TRAURIG KADISH LLP
## <u>AS SPECIAL LITIGATION COUNSEL</u>

TO THE HONORABLE MARY KAY VYSKOCIL,
UNITED STATES BANKRUPTCY JUDGE:

ROBERT L. GELTZER, the chapter 7 trustee (the "Trustee") of the estate of the above-named debtors (the "Debtors"), respectfully states:

1.    The Debtor filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code on September 29, 2016 (the "Filing Date").

2.    The Trustee was appointed as the interim chapter 7 trustee of the Debtor, has accepted his appointment, duly qualified and is acting as the Trustee.

3.    This Court has jurisdiction over this core matter pursuant to 28 U.S.C. §§ 1334 and 157.  Venue is proper pursuant to 28 U.S.C. § 1408.

4.      This Application is submitted pursuant to § 327(a) of the Bankruptcy Code, Federal Rule of Bankruptcy Procedure ("Rule") 2014 and Local Bankruptcy Rule 2014-1, for an order authorizing the Trustee to retain the law firm of DICONZA TRAURIG KADISH LLP ("DTK") as special litigation counsel to the Trustee in this case, effective as of November 2, 2016.

5.      This Application is based upon the Trustee's review of the Debtors' petition, schedules and documents documented in the public record of this case, the Trustee's examination at the section 341 meeting herein, and review of materials requested and received thereafter. The Debtors scheduled in excess of $97,000.00 in unsecured debt. The Trustee is aware that the Debtors made substantial pre-petition college tuition payments on behalf of others, in excess of $41,000.00, against which refunds in excess of $25,000.00 were made, leaving in excess of $15,000.00 which ought to be recoverable by the estate as fraudulent conveyances or otherwise.

6.      The Trustee filed his application to retain the Law Offices of Robert L. Geltzer as general bankruptcy counsel for the Trustee. In addition to general counsel, the Trustee has determined that special litigation counsel should be retained to assist and represent the Trustee in the investigation and litigation described. The Trustee will monitor special litigation and real estate counsel to avoid duplication of services.

7.      Professional legal services required on behalf of the Trustee and the estate in that respect therefore include, but are not limited to:

   a. Assisting the Trustee to identify, marshal and liquidate the assets of the Debtors and property of the estate, including causes of action;

   b. Investigating the financial affairs of the Debtors and analyzing and, if appropriate, commencing and prosecuting avoidance actions or actions to recover assets, and representing the Trustee in other contested matters, if any;

2

      c. Evaluating claims, initiating and litigating objections to claims if a purpose for the estate would be served; and

      d. Performing all other services that the Trustee considers necessary to fulfill his statutory and fiduciary duties.

8. The Trustee seeks to retain DTK as special litigation counsel to provide these services. Applicant has selected DTK because the firm's attorneys have considerable experience in matters of this nature and have represented parties in interest including trustees, debtors, secured and unsecured creditors and other parties in numerous bankruptcy cases, including the Trustee as trustee in other cases.

9. The attorneys at DTK are admitted to practice before this Court and are qualified to act as the Trustee's attorneys, as more particularly set forth in the declaration attached as Exhibit "A" hereto. To the best of the Trustee's knowledge, and except as set forth below, or as otherwise disclosed, (i) DTK does not hold or represent any interest adverse to the Trustee with respect to the matters for which it is being retained; (ii) DTK is a "disinterested person" as that phrase is defined in § 101(14) of the Bankruptcy Code; (iii) neither DTK nor its professionals have any connection with the Debtors, the estate or creditors thereof; and (iv) DTK's employment is necessary and in the best interests of the estate.

10. DTK is to be engaged under a general retainer. DTK will charge its customary billing rates for services rendered subject to approval of this Court in accordance with §§ 330 and 331 of the Bankruptcy Code, Rule 2016, the Local Bankruptcy Rules, the Fee Guidelines issued by the United States Trustee, and any standing orders of the Bankruptcy Court.

11. No previous application has been made for the relief sought herein.

**WHEREFORE**, the Trustee respectfully requests that he be authorized to retain DTK as special litigation and real estate counsel in this case, effective as of November 2, 2016, and that

3

the Court enter an order hereon substantially in the form of the proposed order attached as Exhibit "B" hereto, together with such other and further relief as is appropriate.

Dated: New York, New York
      December 18, 2016

/s/ Robert L. Geltzer
ROBERT L. GELTZER
Chapter 7 Trustee
1556 Third Avenue, Suite 505
New York, New York 10128
Tel: (212) 410-0100

DICONZA TRAURIG KADISH LLP

By: /s/ Allen G. Kadish
    Allen G. Kadish
630 Third Avenue
New York, New York 10017
Tel: (212) 682-4940
Fax: (212) 682-4942
Email: akadish@dtklawgroup.com

*Proposed Special Litigation Counsel*
*for Robert L. Geltzer, Chapter 7 Trustee*

EXHIBIT "A"

EXHIBIT "A"

DICONZA TRAURIG KADISH LLP
630 Third Avenue
New York, New York 10017
Allen G. Kadish
Tel: (212) 682-4940
Fax: (212) 682-4942
Email: akadish@dtklawgroup.com

*Proposed Special Litigation Counsel
for Robert L. Geltzer, Chapter 7 Trustee*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

| | |
|---|---|
| In re: | Chapter 7 |
| ROBERT J. KALANZ, JR.<br>and DIANA KALANZ, | Case No. 16-12740 (MKV) |
| Debtors. | |

-------------------------------------------------------------x

## DECLARATION

ALLEN G. KADISH hereby declares, in accordance with 28 U.S.C. § 1746, that the following is true to the best of his knowledge, information and belief:

1. I am a partner of DICONZA TRAURIG KADISH LLP ("DTK"), with an office located at 630 Third Avenue, New York, New York 10017. I am a member in good standing of the Bar of the State of New York and am admitted to practice in the Southern and Eastern Districts of New York.

2. I have been admitted to practice law in the State of New York and the Southern and Eastern Districts of New York for over twenty-five years. I served as law clerk for a federal bankruptcy judge from 1986 to 1988 and since then have been engaged in private practice as a bankruptcy attorney. In the course of my career, I have represented debtors, lenders, other creditors, fiduciaries and other parties in a variety of cases and industries, in and out of court.

3.     I submit this Declaration in support of the pre-fixed Application to retain DTK as special litigation and real estate counsel for the Trustee in this case. I will have supervisory responsibility for DTK's services as special litigation and real estate counsel for the Trustee herein.

4.     The Trustee filed his application to retain the Law Offices of Robert L. Geltzer as general bankruptcy counsel for the Trustee in this case. However, in addition to general counsel, the Trustee informs that he has determined that special litigation and real estate counsel should be retained to assist and represent the Trustee in this case. We will assist the Trustee in assuring that duplication of services will be avoided.

5.     DTK is a "disinterested person" as that term is defined in § 101(14) of the United States Bankruptcy Code (the "Bankruptcy Code") in that except as set forth below, the attorneys of DTK have no connection with the Debtors or any creditors in this case and the firm does not represent any of the Debtor's creditors in other cases. DTK represents the Trustee as trustee in other cases. DTK does not represent any interest adverse to that of the Trustee or the estate in the matters upon which it is to be engaged, and DTK, while employed by Trustee, will not represent any individual creditor in any capacity in connection with this case.

6.     DTK took the following actions to ensure compliance with the requirements of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules and other applicable rules, regulations and guidelines with respect to the employment of professionals by a trustee. The firm compiled a list of significant parties in interest in the Debtors' chapter 7 case, including the Debtors, and all of the Debtors' creditors (collectively, the "Bankruptcy Parties List"). I then reviewed the Bankruptcy Parties List and requested that all partners, counsel and regular associates of DTK review the Bankruptcy Parties List and advise concerning any connection to

2

any of them. DTK also researched its internal records to determine any connection to the Bankruptcy Parties List. Based on the searches DTK and I conducted, to the best of my knowledge, neither I, DTK, nor any member, attorney or regular associate of DTK, insofar as I have been able to ascertain, holds or represents any interest adverse to the Debtor's estate, and has no adverse relationship with the Debtors, any creditors or any other party in interest in this case, the Bankruptcy Judge, or the United States Trustee or any person employed in his office. Therefore, I believe that DTK and the attorneys of DTK are disinterested persons. I know of no reason why DTK cannot act as special counsel to the Trustee in this case.

7. Consistent with the standards of §§ 330 and 331 of the Bankruptcy Code, DTK will seek compensation at its customary hourly billing rates. DTK's hourly rate structure is:

| | |
|---|---:|
| Gerard DiConza (Partner) | $ 605 |
| Jeffrey Traurig (Partner) | 495 |
| Allen G. Kadish (Partner) | 645 |
| Maura I. Russell (Counsel) | 605 |
| Richard K. Milin (Counsel) | 605 |
| Lance A. Schildkraut (Counsel) | 395 |
| Harrison H.D. Breakstone (Associate - Pending Admission) | 375 |
| Paralegal/Law Clerk | 195 |

Our rates are reviewed and may be adjusted periodically, usually as of January 1 of each year. DTK will advise the Trustee, the Court and the United States Trustee in writing of any further rate change during the course of this engagement.

8. In addition, DTK will seek reimbursement for actual and necessary expenses incurred in connection with its professional services.

9. No promises have been received by DTK, nor by any partner, counsel or regular associate of DTK, as to compensation in connection with these cases other than in accordance with the provisions of § 504 of the Bankruptcy Code, as set forth herein. Neither I, DTK, nor

any partner, counsel or regular associate of DTK has any agreement with any other individual or entity outside the firm to share with such individual or entity any compensation received by DTK in connection with this case.  Certain partners, counsel or regular associates of DTK have formed and are sole members of professional corporations or limited liability entities, and as a matter of policy, compensation received by DTK ordinarily may be paid to its partners, counsel or regular associates or directly to their professional corporations or limited liability entities, pursuant to agreements between such partners, counsel or regular associates and DTK governing their membership in or affiliation with the firm.  However, DTK will not share fees received in this case with anyone in connection with this matter other than individual lawyers who are partners, counsel or regular associates of the firm. DTK will not share any fees it earns other than as permitted by § 504 of the Bankruptcy Code.

    I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

Dated: New York, New York  
       December 18, 2016                           /s/ Allen G. Kadish  
                                                               Allen G. Kadish

EXHIBIT "B"

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

In re:                                                                      Chapter 7

ROBERT J. KALANZ, JR.                                      Case No. 16-12740 (MKV)
And DIANA KALANZ,

                            Debtors.

-------------------------------------------------------------x

## ORDER AUTHORIZING THE CHAPTER 7 TRUSTEE TO RETAIN DICONZA TRAURIG KADISH LLP AS SPECIAL LITIGATION COUNSEL

Upon the application (the "Application") of ROBERT L. GELTZER, the chapter 7 trustee (the "Trustee") of the estate of the above-named Debtor, for authority to retain the law firm of DICONZA TRAURIG KADISH LLP ("DTK") as his special litigation counsel in this case, to assist and represent the Trustee in the investigation, potential litigation and transactions described in the Application, pursuant to § 327(a) of the United States Bankruptcy Code (the "Bankruptcy Code"), Federal Rule of Bankruptcy Procedure ("Rule") 2014 and Local Bankruptcy Rule 2014-1; and upon the declaration submitted in support thereof; and it appearing that DTK is disinterested within the meaning of § 101(14) of the Bankruptcy Code and that DTK does not represent any interest adverse to the estate; and the United States Trustee having no objection to the entry of this Order; and sufficient cause appearing; it is hereby

ORDERED, that the Application is granted to the extent provided herein; and it is further

ORDERED that, pursuant to § 327(a) of the Bankruptcy Code, the Trustee be, and hereby is, authorized to employ DTK as his special litigation counsel in this case under a general

retainer, and DTK be, and hereby is, so retained, effective as of November 2, 2016; and it is further

ORDERED that DTK shall be compensated at its customary hourly rates in effect at the time its services are rendered, and reimbursed its out-of-pocket expenses, in accordance with §§ 330 and 331 of the Bankruptcy Code, Rule 2016, the Local Bankruptcy Rules, the Fee Guidelines issued by the United States Trustee, and any standing orders of this Court; and it is further

ORDERED, that prior to any increases in DTK's rates for any individual employed by DTK and providing services in these cases, DTK shall file a supplemental affidavit with the Court and provide ten business days' notice to the Debtors, the United States Trustee and any official committee. The supplemental affidavit shall explain the basis for the requested rate increases in accordance with section 330(a)(3)(F) of the Bankruptcy Code and state whether DTK's client has consented to the rate increase. The United States Trustee retains all rights to object to any rate increase on all grounds including, but not limited to, the reasonableness standard provided for in section 330 of the Bankruptcy Code, and the Court retains the right to review any rate increase pursuant to section 330 of the Bankruptcy Code; provided however, that the terms "increases in DTK's rates" and "rate increases" as used in this Order shall not include annual "step increases" historically awarded by DTK in the ordinary course to attorneys and legal assistants throughout the firm due to advancing seniority and promotion; and it is further

ORDERED, that to the extent the Application is inconsistent with this Order, the terms of this Order shall govern; and it is further

ORDERED, that, notwithstanding any provision to the contrary in the Application, the Court shall retain jurisdiction to hear and to determine all matters arising from or related to implementation of this Order.

Dated: New York, New York
_____ \_\_, 2017

_____
MARY KAY VYSKOCIL
UNITED STATES BANKRUPTCY JUDGE

**No Objection:**

UNITED STATES TRUSTEE

By: /s/ Brian Masumoto\_\_\_\_\_